## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES E. EPPERLY, JR.,
            Appellant,

        v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
SF-0752-17-0606-I-1

DATE: February 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

William H. Brawner, Esquire, South Pasadena, California, for the
    appellant.

Catherine V. Meek, Esquire, Long Beach, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     During the relevant time, the appellant was employed as Postmaster of the agency's Mammoth Lakes Post Office. Initial Appeal File (IAF), Tab 1 at 1. On December 2, 2016, while the appellant was out on sick leave, the appellant's supervisor allegedly learned that the appellant may have engaged in misconduct by disclosing to the press information regarding one of the agency's contracts. *Id.* at 2, 27. The supervisor then contacted the appellant and informed him not to report to work on December 5, 2016, pending a review of his actions. *Id.* The appellant was placed on paid administrative leave for December 5, 2016. IAF, Tab 9 at 61-62. Beginning December 6, 2016, the appellant requested sick leave (regular and under the Family and Medical Leave Act) or annual leave, which the agency granted. IAF, Tab 9 at 39-70, Tab 10 at 5, 7-8. On January 12, 2017, he filed for disability retirement. IAF, Tab 9 at 145-48, 158.

¶3     On July 24, 2017, the appellant filed a Board appeal alleging that he had been constructively suspended since December 5, 2016. IAF, Tab 1. He alleged that the agency had verbally instructed him not to report to work and had not provided any written notification. Further, he alleged that he believed that he had been placed in a nonpay status, and he requested leave so as to avoid not having an income. IAF, Tabs 1, 7, 10. The appellant did not request a hearing. IAF, Tab 1 at 1. The administrative judge issued a jurisdictional order, informing the appellant of his burden of raising nonfrivolous allegations of Board jurisdiction. IAF, Tab 2. After affording the parties an opportunity to respond to the jurisdictional order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID). The administrative judge found that the appellant failed to prove by preponderant evidence that he was constructively suspended. ID at 3-4.

¶4    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    An employee's absence for more than 14 days may be a constructive suspension appealable under 5 U.S.C. §§ 7512(2) and 7513(d).  *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013).  A constructive suspension appeal concerns leave that appears to be voluntary but in fact was not.  *Id.*, ¶ 7.  An employee may establish jurisdiction if he can prove that he lacked a meaningful choice and that the agency's wrongful actions deprived him of that choice.  *Id.*, ¶ 8.  In contrast, an agency's placement of an employee on enforced leave for more than 14 days constitutes a suspension, which is also within the Board's jurisdiction.  *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014).

¶6    If an appellant raises a nonfrivolous allegation[2] that he was constructively suspended for more than 14 days, then he is entitled to a hearing, if requested, at which he must prove jurisdiction over his appeal by preponderant evidence.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).  The jurisdictional issue in constructive suspension appeals is often dispositive; if the appellant fails to meet his burden of establishing by preponderant evidence that he was constructively suspended, the appeal will be dismissed because the Board lacks jurisdiction over appeals of employees' voluntary actions.  *Abbott*, 121 M.S.P.R. 294, ¶ 8.

The appellant raised nonfrivolous allegations of Board jurisdiction.

¶7    Here, the essence of the appellant's claim is that the agency initiated his absence indefinitely without written notice or any notice regarding the reason for

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

his absence or whether it would be a paid or an unpaid absence. Further, he alleged that he believed it to be an unpaid absence, and thus he requested leave that he would not otherwise have taken so as to avoid going without an income. IAF, Tab 1 at 2, Tab 7 at 5-7, Tab 10 at 7-8. He also alleged that he was never instructed to return to work, he unsuccessfully attempted to contact his supervisor about returning to work, and his supervisor refused to speak with him. IAF, Tab 2 at 3. Such allegations, if proven, could establish that the appellant lacked a meaningful choice and that the agency's improper actions in failing to issue a written notice or otherwise inform the appellant of the circumstances surrounding his placement on leave deprived him of that choice. Accordingly, we find that the appellant raised nonfrivolous allegations that he was subjected to an appealable constructive suspension.[3]

The administrative judge erred in failing to issue a close of record order to allow the parties further opportunity to develop the record.

¶8        The administrative judge's jurisdictional order properly informed the appellant that he was required to raise nonfrivolous allegations of Board jurisdiction and that, if he did so, he would be required to establish Board jurisdiction by preponderant evidence either at a hearing, if requested, or during a further opportunity for the parties to develop the record. IAF, Tab 2 at 4-5. The appellant did not request a hearing. However, without issuing a close of record order, or providing the parties with an opportunity to further develop the record, the administrative judge dismissed the appeal, finding that the appellant failed to prove Board jurisdiction by preponderant evidence. Thus, prior to the issuance of the initial decision, it was not clear to the parties that they would have no further opportunity to develop the record.

---

[3] The jurisdictional prerequisites of chapter 75 otherwise appear to be satisfied because the appellant is a Postal Service manager with 1 year of current continuous service and his absence lasted for more than 14 days. IAF, Tab 9 at 7, 9, 39-71; *see* 39 U.S.C. § 1005(a)(4)(A)(ii).

¶9        Because the record was not fully developed, it is unclear what information was communicated by the agency to the appellant when he was instructed not to report to work on December 5, 2016, or whether the appellant was ever informed that he would be placed on administrative leave, and if so, for how long. Fact finding on these material issues is necessary to determine whether the appellant's request for leave was involuntary. Further, as the appellant argues on review, PFR File, Tab 1 at 18 n.8, because the initial decision was prematurely issued, he was not afforded sufficient time for discovery.

¶10       We find that these errors prejudiced the appellant's substantive rights. We therefore vacate the initial decision and remand the appeal. *See, e.g.*, *Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010) (remanding an appeal under the Veterans Employment Opportunities Act of 1998 when the administrative judge found jurisdiction and then ruled on the merits of the appeal without issuing a close of record order or affording the parties an opportunity to make submissions regarding the merits of the appeal); *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶¶ 8-9 (2001) (same); *Benson v. Office of Personnel Management*, 83 M.S.P.R. 549, ¶ 5 (1999) (remanding when the administrative judge failed to issue a close of record order); 5 C.F.R. § 1201.59(b). On remand, the administrative judge shall afford the parties additional time to complete discovery and further develop the record before issuing a new initial decision.[4] The administrative judge also shall consider the appellant's arguments raised on review.

---

[4] Because the administrative judge dismissed this appeal for lack of jurisdiction, she determined that it was unnecessary to address the timeliness issue. ID at 1 n.1. Accordingly, on remand, if the administrative judge determines that the appellant has established jurisdiction over his constructive suspension claim, she shall determine whether this appeal was timely filed. *See Fields v. U.S. Postal Service*, 117 M.S.P.R. 475, ¶ 7 (2012) (explaining that the issues of timeliness and jurisdiction generally are considered to be inextricably intertwined in a constructive suspension appeal because a failure to inform an employee of Board appeal rights may excuse an untimely filed appeal, and whether the agency was obligated to inform the employee of such appeal rights depends on whether he was affected by an appealable action).

**ORDER**

¶11    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.